UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JASON C.,

              Plaintiff,                **DECISION AND ORDER**

  v.

                                               1:20-CV-00702 EAW

COMMISSIONER OF SOCIAL SECURITY,

              Defendant.
_____

# INTRODUCTION

Represented by counsel, plaintiff Jason C. ("Plaintiff") brings this action pursuant to Title XVI of the Social Security Act (the "Act"), seeking review of the final decision of the Commissioner of Social Security (the "Commissioner," or "Defendant") denying his application for supplemental security income ("SSI"). (Dkt. 1). This Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g).

Presently before the Court are the parties' competing motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (Dkt. 10; Dkt. 14). For the reasons discussed below, the Commissioner's motion (Dkt. 14) is denied and Plaintiff's motion (Dkt. 10) is granted to the extent that the matter is remanded for further administrative proceedings.

## BACKGROUND

Plaintiff protectively filed his application for SSI on February 7, 2017. (Dkt. 8 at 18, 70)[1]. In his application, Plaintiff alleged disability beginning January 30, 2016. (*Id.* at 18, 142). Plaintiff's application was initially denied on April 5, 2017. (*Id.* at 75-86). At Plaintiff's request, a hearing was held before administrative law judge ("ALJ") Mary Mattimore on February 22, 2019. (*Id.* at 33-63). On March 22, 2019, the ALJ issued an unfavorable decision. (*Id.* at 15-32). Plaintiff requested Appeals Council review; his request was denied on April 13, 2020, making the ALJ's determination the Commissioner's final decision. (*Id.* at 4-9). This action followed.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the [Social Security Administration ("SSA")], this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009)

---

[1]   When referencing the page number(s) of docket citations in this Decision and Order, the Court will cite to the CM/ECF-generated page numbers that appear in the upper righthand corner of each document.

(quotation omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence). However, "[t]he deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

## II.  Disability Determination

An ALJ follows a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ determines whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 416.920(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, in that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id*. § 416.920(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does have at least one severe impairment, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id*. § 416.920(d). If the impairment meets or medically

equals the criteria of a Listing and meets the durational requirement (*id*. § 416.909), the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id*. § 416.920(e).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits the claimant to perform the requirements of his or her past relevant work. *Id*. § 416.920(f). If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id*. § 416.920(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of the claimant's age, education, and work experience. *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

### I. The ALJ's Decision

In determining whether Plaintiff was disabled, the ALJ applied the five-step sequential evaluation set forth in 20 C.F.R. §416.920. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful work activity since February 7, 2017, the application date. (*Id*.).

At step two, the ALJ found that Plaintiff suffered from the severe impairments of "status post open reduction internal fixation surgery to repair fractures in the pelvis, femur,

and knee joint caused by a gunshot to the left leg," lumbago, panic disorder, obesity, post-traumatic stress disorder, and depressive disorder. (*Id*. at 20). The ALJ found that Plaintiff's medically determinable impairments of seasonal allergies, hypertension, hyperlipidemia, ocular hypertension, macular scar in right eye, lagophthalmos of the left eye, retinopathy, and anemia were non-severe. (*Id*. at 21).

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any Listing. (*Id*.). The ALJ particularly considered the criteria of Listings 1.02, 1.04, 12.04, 12.06, and 12.15, as well as the effects of Plaintiff's obesity, in reaching this conclusion. (*Id*. at 21-23).

Before proceeding to step four, the ALJ determined that Plaintiff retained the RFC to perform light work as defined in 20 C.F.R. § 416.967(b), except with the additional limitations that:

> [Plaintiff] can occasionally stoop, kneel, crouch, crawl, climb stairs; no ladders ropes, scaffolds; no temperature extremes, hazardous machines or unprotected heights; no driving motor vehicles; can perform simple routine work and make simple workplace decisions; can tolerate occasional interaction with supervisors, coworkers and the public.

(*Id*. at 23).

At step four, the ALJ found that Plaintiff had no past relevant work. (*Id*. at 27).

At step five, the ALJ relied on the testimony of a vocational expert ("VE") to conclude that, considering Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, including the representative occupations of routing clerk, photocopy machine

operator, housekeeping cleaner, addresser, surveillance system monitor, table worker, and final assembler. (*Id.* at 27-28). Accordingly, the ALJ found that Plaintiff was not disabled as defined in the Act. (*Id.* at 29).

## II.    Remand for Further Administrative Proceedings is Required

Plaintiff argues that this matter must be remanded for further administrative proceedings because (1) the ALJ improperly determined Plaintiff's RFC based solely on her own lay opinion, resulting in a finding not supported by substantial evidence and (2) the ALJ improperly assessed Plaintiff's subjective complaints. (Dkt. 10-1). For the reasons set forth below, the Court agrees with Plaintiff that the ALJ improperly relied on her own lay opinion in assessing Plaintiff's RFC and that this error requires remand.

### A.    Determination of RFC

"In making a residual functional capacity determination, the ALJ must consider a claimant's physical abilities, mental abilities, symptomology, including pain and other limitations which could interfere with work activities on a regular and continuing basis." *Pardee v. Astrue*, 631 F. Supp. 2d 200, 210 (N.D.N.Y. 2009) (citing 20 C.F.R. § 404.1545(a)). The ALJ is tasked with "weigh[ing] all of the evidence available to make an RFC finding that [is] consistent with the record as a whole." *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013). An ALJ's conclusion need not "perfectly correspond with any of the opinions of medical sources cited in his decision." *Id.* However, an ALJ is not a medical professional, and "is not qualified to assess a claimant's RFC on the basis of bare medical findings." *Ortiz v. Colvin*, 298 F. Supp. 3d 581, 586 (W.D.N.Y. 2018) (quotation omitted). Thus, generally, "an ALJ's determination of RFC without a medical advisor's

assessment is not supported by substantial evidence." *Dennis v. Colvin*, 195 F. Supp. 3d 469, 474 (W.D.N.Y. 2016) (quotation and citation omitted). "Where, however, the record contains sufficient evidence from which an ALJ can assess the claimant's residual functional capacity, a medical source statement or formal medical opinion is not necessarily required." *Monroe v. Comm'r of Soc. Sec.*, 676 F. App'x 5, 8 (2d Cir. 2017) (quotations, alteration, and citations omitted). In particular, a formal medical opinion is not necessary "when the record is clear and contains some useful assessment of the claimant's limitations from a medical source." *Spivey v. Comm'r of Soc. Sec.*, 338 F. Supp. 3d 122, 127 (W.D.N.Y. 2018) (quotation omitted).

Here, the record contains no medical opinion regarding Plaintiff's mental functioning, and the only medical opinion regarding Plaintiff's physical functioning was rendered immediately after a surgery in 2016. (*See* Dkt. 8 at 27). The ALJ gave little weight to this opinion, finding that it provided no useful information as to Plaintiff's "limitations for determining long-term disability." (*Id*.). The medical record in this case also did not contain any useful assessment of Plaintiff's limitations from a medical source. To the contrary, the ALJ acknowledged that "[n]o provider . . . provided any function-by-function limitations" or opined on Plaintiff's ability to "perform[] work in general." (*Id*. at 26). "Where the medical findings in the record merely diagnose [the] claimant's exertional impairments and do not relate those diagnoses to specific residual functional capabilities," the ALJ generally "may not make the connection himself." *Nanartowich v. Comm'r of Soc. Sec.*, 17-CV-6096P, 2018 WL 2227862, *9 (W.D.N.Y. 2018) (citation omitted).

Further, this is not a case in which the ALJ had the discretion to make a common sense determination of Plaintiff's RFC. It is true that the medical evidence of record revealed largely normal physical findings, and that "under certain circumstances, particularly where the medical evidence shows relatively minor physical impairment, an ALJ permissibly can render a common sense judgment about functional capacity even without a physician's assessment[.]" *Gross v. Astrue*, No. 12-CV-6207P, 2014 WL 1806779, at *18 (W.D.N.Y. May 7, 2014) (quotation omitted). However, "the leeway given to ALJs to make common sense judgments does not typically extend to the determination of mental limitations, which are by their very nature highly complex and individualized." *Lilley v. Berryhill*, 307 F. Supp. 3d 157, 161 (W.D.N.Y. 2018) (quotations omitted). This is because "the effect a mental impairment has on one's ability to work is not the sort of inquiry susceptible to lay evaluation" and accordingly "[w]here serious mental illness is at issue, the ALJ may not make . . . seemingly common-sense judgments about a claimant's abilities." *Stoeckel v. Comm'r of Soc. Sec.*, No. 18-CV-1475-FPG, 2019 WL 5445518, at *3 (W.D.N.Y. Oct. 24, 2019).

Here, the ALJ found at step two that Plaintiff had multiple severe mental impairments. The ALJ further acknowledged that Plaintiff's mental health symptoms were sometimes "moderate." (Dkt. 8 at 26). On this record, the ALJ was not permitted to rely on her own lay assessment of the medical evidence to assess Plaintiff's RFC. Instead, there was a gap in the record that she was required to fill. *See Lilley*, 307 F. Supp. 3d at 160 ("Stated simply, the record lacks a useful medical opinion by any treating or examining source that addresses whether and to what extent plaintiff's mental impairments impact her

ability to perform work-related functions. As such, the ALJ was required to obtain a consultative examination and/or seek additional opinion evidence from plaintiff's treating physician.").

For these reasons, the Court finds that the ALJ's assessment of Plaintiff's RFC was not supported by substantial evidence and that further development of the record was necessary. Accordingly, remand of this matter for further administrative proceedings is required.

### B. Plaintiff's Remaining Argument

As set forth above, Plaintiff has identified an additional reason why he contends the ALJ's decision was not supported by substantial evidence. However, because the Court has already determined, for the reason previously discussed, that remand of this matter for further administrative proceedings is necessary, the Court declines to reach this issue. *See, e.g., Bell v. Colvin*, No. 5:15-CV-01160 (LEK), 2016 WL 7017395, at *10 (N.D.N.Y. Dec. 1, 2016) (declining to reach arguments "devoted to the question whether substantial evidence supports various determinations made by [the] ALJ" where the court had already determined remand was warranted); *Morales v. Colvin*, No. 13cv06844 (LGS) (DF), 2015 WL 13774790, at *23 (S.D.N.Y. Feb. 10, 2015) (the court need not reach additional arguments regarding the ALJ's factual determinations "given that the ALJ's analysis may change on these points upon remand"), *adopted*, 2015 WL 2137776 (S.D.N.Y. May 4, 2015).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (Dkt. 10) is granted, the Commissioner's motion for judgment on the pleadings (Dkt. 14) is denied, and the case is remanded to the Commissioner for further proceedings consistent with this Decision and Order. The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: September 24, 2021
       Rochester, New York